IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN PHEIL,

                  Plaintiff,                         ORDER

              v.                              10-cv-555-bbc

SGT. BOWE, CO HAND, CO VARLEY,
CO RABUCK, SGT. ANDERSON,
HSU Manager TAMMY MAASSEN,
DR. ADLER, DR. BRET REYNOLDS,
DR. HIRSCHMAN and KIMBERLY RICHARDSON,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Brian Pheil has filed a proposed complaint under 42 U.S.C. § 1983 in which

he brings two sets of claims arising at different prisons.  First, he alleges that officers at the

Stanley Correctional Institution (defendants Bowe, Hand, Varley, Rabuck and Anderson)

deprived him of various medications he needed after he was transferred to segregation, in

violation of the Eighth Amendment.  Second, he alleges that medical staff at the Jackson

Correctional Institution (defendants Maasen, Adler, Reynolds and Hirshman) discontinued

various medications plaintiff was taking and that they did so without a legitimate reason and

1

failed to prescribe appropriate substitutes, also in violation of the Eighth Amendment.  In a supplement to his complaint, dkt. #5, plaintiff alleges that Kimberly Richardson, a complaint examiner, failed to correct known problems in the prison regarding the procedures for insuring that prisoners receive their medications after a transfer to segregation, rejected his grievances without cause and had him transferred to another prison when he complained.

Plaintiff has made an initial partial payment of the filing fee as directed by the court under 28 U.S.C. § 1915(b)(1). Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed plaintiff's complaint, I conclude that he cannot proceed at this time because his complaint violates Fed. R. Civ. P. 20.

Under Fed. R. Civ. P. 20, a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, the rule prohibits a plaintiff from joining many defendants in a single action unless (1) the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and (2) the plaintiff presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

2

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, <u>Intercon Research Assn., Ltd. v. Dresser Ind., Inc.</u>, 696 F.2d 53, 57 (7th Cir. 1983), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

Applying Rules 18 and 20 to the factual allegations in the complaint, I conclude that plaintiff is raising claims that belong in two different lawsuits:

<u>Lawsuit # 1</u>: (a) defendants Bowe, Hand, Varley, Rabuck, Anderson and Richardson deprived plaintiff of various medications he needed after he was transferred to segregation, in violation of the Eighth Amendment;

(b) defendant Richardson rejected plaintiff's grievances;

(c) defendant Richardson had plaintiff transferred to a different prison because he complained his medical care.

<u>Lawsuit #2</u>: defendants Maasen, Adler, Reynolds and Hirshman discontinued various medications plaintiff took without a legitimate reason and failed to prescribe appropriate substitutes, in violation of the Eighth Amendment.

Although these two lawsuits both involve plaintiff's medication, they relate to different problems caused by different defendants at different periods of time and different

prisons. Thus, under <u>George</u>, I may apply the filing fee to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, plaintiff has a more difficult choice. He may choose to pursue that lawsuit separately. In that case, he will be required to pay a separate filing fee. In addition, plaintiff may be subjected to a separate strike for each of the separate lawsuits that he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss the other lawsuit voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for that lawsuit. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and

4

potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff Brian Phiel may have until November 3, 2010 to identify for the court whether he wishes to proceed with Lawsuit # 1 or Lawsuit # 2 under the number assigned to this case.

2. Plaintiff may have until November 3, 2010, to advise the court whether he wishes to go forward with the other lawsuit or whether he will withdraw the other lawsuit voluntarily.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. If plaintiff chooses to proceed with both lawsuits, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5. If plaintiff fails to respond to this order by November 3, 2010, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to

5

prosecute.

Entered this 19th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge